FILED
CLERK, U.S. DISTRICT COURT

AUG 19 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY CARDENAS, | NO. CV 07-6713-VAP(E) |
|         Petitioner, | |
|   v. | ORDER ADOPTING FINDINGS, |
| JAMES A. YATES, | CONCLUSIONS AND RECOMMENDATIONS |
|         Respondent. | OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all of the records herein and the attached Report and Recommendation of United States Magistrate Judge.  The Court approves and adopts the Magistrate Judge's Report and Recommendation.

IT IS ORDERED that Judgment be entered denying and dismissing the Petition with prejudice.

///
///
///
///

1        IT IS FURTHER ORDERED that the Clerk serve copies of this Order,

2   the Magistrate Judge's Report and Recommendation and the Judgment

3   herein by United States mail on Petitioner and counsel for

4   Respondent.

5

6        LET JUDGMENT BE ENTERED ACCORDINGLY.

7

8        DATED: _August 15_____, 2008.

9

10

11                          _Virginia a. Phillips_____

12                              VIRGINIA A. PHILLIPS
                             UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8                          **UNITED STATES DISTRICT COURT**

9                        **CENTRAL DISTRICT OF CALIFORNIA**

10

11   ANTHONY CARDENAS,                )    NO. CV 07-6713-VAP(E)
                                       )
12                  Petitioner,        )
                                       )
13       v.                            )    REPORT AND RECOMMENDATION OF
                                       )
14   JAMES A. YATES,                   )    UNITED STATES MAGISTRATE JUDGE
                                       )
15                  Respondent.        )
     _____ )

16

17       This Report and Recommendation is submitted to the Honorable

18   Virginia A. Phillips, United States District Judge, pursuant to

19   28 U.S.C. section 636 and General Order 05-07 of the United States

20   District Court for the Central District of California.

21

22                              **PROCEEDINGS**

23

24       On October 17, 2007, Petitioner filed a "Petition for Writ of

25   Habeas Corpus By a Person in State Custody."  On February 15, 2008,

26   Respondent filed an Answer and lodged certain documents.  The Answer

27   asserts, <u>inter alia</u>, the bar of limitations.  Petitioner filed a

28   Traverse on April 3, 2008.

1

**BACKGROUND**

2

3      Petitioner was convicted and sentenced in Los Angeles County

4   Superior Court in 1998 (Lodged Documents 1-3).   In 1999, the

5   California Court of Appeal modified the sentence but otherwise

6   affirmed (Lodged Document 7).   Petitioner filed a petition for review

7   in the California Supreme Court on January 25, 2000, which that Court

8   denied on March 15, 2000 (Lodged Documents 8 and 9).

9

10     Petitioner did not file a collateral challenge to his conviction

11  until he filed a habeas corpus petition in the Superior Court on

12  November 28, 2001 (Lodged Document 10).   The Superior Court denied

13  this petition on January 31, 2002 (Lodged Document 11).

14

15     Petitioner then waited more than two additional years before

16  filing a habeas corpus petition in the California Court of Appeal on

17  May 19, 2004 (Lodged Document 12).   The Court of Appeal denied this

18  petition on June 16, 2004 (Lodged Document 13).   Petitioner next filed

19  a habeas corpus petition with the California Supreme Court on

20  September 24, 2004 (Lodged Document 14).   The Supreme Court denied

21  this petition on August 10, 2005 (on grounds of untimeliness) (Lodged

22  Document 15).

23

24     Petitioner filed a habeas corpus petition in federal court on

25  October 3, 2005.   See Cardenas v. Yates, CV 05-7158-NM(E).   However,

26  Petitioner voluntarily dismissed this petition in February 2006.

27  ///

28  ///

2

1      Petitioner filed another habeas corpus petition in the California

2  Supreme Court on February 22, 2006 (more than six months after the

3  denial of his first Supreme Court habeas petition) (Lodged Document

4  20).   The Supreme Court denied this petition on October 11, 2006 (on

5  grounds of untimeliness) (Lodged Document 22).

6

7      Petitioner waited more than 11 additional months before filing

8  another habeas corpus petition in the California Superior Court on

9  September 26, 2007 (Lodged Document 16).   The Superior Court denied

10  this petition on November 5, 2007.   Petitioner filed another habeas

11  corpus petition in the California Court of Appeal on December 24, 2007

12  (Lodged Document 18).   The Court of Appeal denied this petition on

13  January 11, 2008 (Lodged Document 19).

14

15  **DISCUSSION**

16

17      The "Antiterrorism and Effective Death Penalty Act of 1996"

18  ("AEDPA"), signed into law April 24, 1996, amended 28 U.S.C. section

19  2244 to provide a one-year statute of limitations governing habeas

20  petitions filed by state prisoners:

21

22      (d)(1) A 1-year period of limitation shall apply to an

23      application for a writ of habeas corpus by a person in

24      custody pursuant to the judgment of a State court.   The

25      limitation period shall run from the latest of –

26

27      (A) the date on which the judgment became final by the

28      conclusion of direct review or the expiration of the time

3

1    for seeking such review;

2

3    (B) the date on which the impediment to filing an

4    application created by State action in violation of the

5    Constitution or laws of the United States is removed, if the

6    applicant was prevented from filing by such State action;

7

8    (C) the date on which the constitutional right asserted was

9    initially recognized by the Supreme Court, if the right has

10   been newly recognized by the Supreme Court and made

11   retroactively applicable to cases on collateral review; or

12

13   (D) the date on which the factual predicate of the claim or

14   claims presented could have been discovered through the

15   exercise of due diligence.

16

17   (2) The time during which a properly filed application for

18   State post-conviction or other collateral review with

19   respect to the pertinent judgment or claim is pending shall

20   not be counted toward any period of limitation under this

21   subsection.

22

23   Petitioner's conviction became final on July 17, 2000, upon the

24   expiration of 90 days from the California Supreme Court's denial of

25   Petitioner's petition for review.  See Bowen v. Roe, 188 F.3d 1157,

26   1159 (9th Cir. 1999) (period of "direct review" after which state

27   conviction becomes final for purposes of section 2244(d)(1) includes

28   the 90-day period for filing a petition for certiorari in the United

4

1  States Supreme Court).   The statute of limitations began running on

2  July 17, 2000, and expired on July 16, 2001, unless subsections B, C

3  or D of 28 U.S.C. section 2244(d)(1) apply in the present case.   See

4  28 U.S.C. § 2244(d)(1)(A); Smith v. Bowersox, 159 F.3d 345, 347-48

5  (8th Cir. 1998), cert. denied, 525 U.S. 1187 (1999); see also Nino v.

6  Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), cert. denied, 529 U.S.

7  1104 (2000) (AEDPA statute of limitations is not tolled between the

8  conviction's finality and the filing of the first state collateral

9  challenge).

10

11      Section 2244(d)(1)(B) is inapplicable.   Petitioner has failed to

12 show that illegal conduct by the state or those acting for the state

13 actually prevented Petitioner from preparing or filing a timely

14 petition.

15

16      Section 2244(d)(1)(C) is inapplicable.   None of Petitioner's

17 claims rely on a right "newly recognized by the [United States]

18 Supreme Court and made retroactively applicable to cases on collateral

19 review."   The Petition does contain a claim purportedly based on

20 Cunningham v. California, 127 S. Ct. 856 (2007).   However, the Supreme

21 Court has not "made [Cunningham] retroactively applicable to cases on

22 collateral review."   Accordingly, section 2244(d)(1)(C) does not delay

23 the running of the statute of limitations.   See Tyler v. Cain, 533

24 U.S. 656, 664-68 (2001) (for purposes of second or successive motions

25 under 28 U.S.C. section 2255, a new rule is made retroactive to cases

26 on collateral review only if the Supreme Court itself holds the new

27 rule to be retroactive); Beyett v. Yates, 2007 WL 2600745 *2 (N.D.

28 Cal. Sept. 10, 2007) ("Cunningham has not been 'made retroactive to

1   cases on collateral review,' a requirement of subsection (C).  As a

2   result, the limitations period cannot be calculated from when

3   Cunningham was decided in 2007"); accord Som v. Evans, 2008 WL 506227

4   at *4 (E.D. Cal. Mar. 20, 2008); cf. Hally v. Scribner, 2007 WL 809710

5   *2 (E.D. Cal. Mar. 15, 2007), adopted by 2007 WL 988066 (E.D. Cal.

6   Apr. 2, 2007) ("Cunningham would not apply retroactively to

7   convictions that were final prior to its publication").

8

9       Section 2244(d)(1)(D) does not furnish an accrual date later than

10  July 17, 2000.  Under section 2244(d)(1)(D), "[t]ime begins when the

11  prisoner knows (or through diligence could discover) the important

12  facts, not when the prisoner recognizes their legal significance."

13  Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (citation and

14  internal quotations omitted); see United States v. Pollard, 416 F.3d

15  48, 55 (D.D.C. 2005), cert. denied, 547 U.S. 1021 (2006) (habeas

16  petitioner's alleged "ignorance of the law until an illuminating

17  conversation with an attorney or fellow prisoner" does not satisfy the

18  requirements of section 2244(b)(1)(D)).  Petitioner plainly knew or

19  should have known on or before July 17, 2000 the "important facts" on

20  which he bases his present claims.  The running of the statute of

21  limitations does not await advice, legal research, or the issuance of

22  judicial decisions that help would-be petitioners recognize the legal

23  significance of particular predicate facts.  Id.; see Hally v.

24  Scribner, 2007 WL 809710 *3 (E.D. Cal. Mar. 15, 2007), adopted by 2007

25  WL 988066 (E.D. Cal. Apr. 2, 2007).[1]

26  _____

27      [1]   Nor does the running of the statute of limitations
    await a petitioner's gathering of "every possible scrap of
28  evidence that might support his claim."  Jurado v. Burt, 337 F.3d

6

1    Thus, the statute began to run from July 17, 2000.  Absent

2  tolling, the Petition is untimely.  As discussed below: (1) no tolling

3  is available; and (2) assuming, _arguendo_, some tolling might be

4  available, any such tolling is insufficient to rescue the Petition

5  from the bar of limitations.

6

7    Section 2244(d)(2) tolls the statute during the pendency of "a

8  properly filed application for State post-conviction or other

9  collateral review."  Such tolling is unavailable in the present case

10  because more than a year expired between the finality of Petitioner's

11

12  638, 644 (6th Cir. 2003); _see also_ _Flanagan v. Johnson_, 154 F.3d
13  196, 199 (5th Cir. 1998); _Powelson v. Sullivan_, 2006 WL 2263908,
      at *3 (N.D. Cal. Aug. 8, 2006) (petitioner not entitled to
14  delayed accrual of claim challenging sentence, where petitioner
      was present at 1988 sentencing hearing, although petitioner
15  allegedly did not obtain physical evidence supporting claim until
      2005 when he looked in his prison file); _Tate v. Pierson_, 177 F.
16  Supp. 2d 792, 800 (N.D. Ill. 2001), _aff'd_, 52 Fed. Appx. 302 (7th
17  Cir. 2002), _cert. denied_, 538 U.S. 965 (2003) ("[a]ccrual does
      not await the collection of evidence supporting the facts").
18  Petitioner is not entitled to a delay of accrual until the date
      he obtained transcripts, where he was aware years earlier of the
19  factual predicates for his claims.  _See_ _Tolbert v. Cockrell_, 2001
20  WL 1516744, at *4 (N.D. Tex. Nov. 7, 2001) ("Tolbert is confusing
      his knowledge of the factual predicates of his claims with the
21  time permitted for gathering evidence in support of his claims");
      _see also_ _Lloyd v. Vannatta_, 296 F.3d 630, 633 (7th Cir. 2002),
22  _cert. denied_, 537 U.S. 1121 (2003) (absence of transcripts,
      including transcripts of prosecutor's closing argument, did not
23  entitle petitioner to equitable tolling on claim of prosecutorial
      misconduct, where petitioner "was present at trial and knew the
24  basis on which he could have asserted prosecutorial misconduct");
25  _Smith v. Carroll_, 2004 WL 1588293, at *4 (D. Del. July 12, 2004)
      (petitioner not entitled to equitable tolling on account of
26  allegedly missing transcripts, where factual predicates for
      petitioner's claims were raised in earlier state court appeal;
27  "Smith has not demonstrated how a complete trial transcript was
      necessary for him to file a habeas petition based on facts he
28  already knew").

7

1  conviction and the filing of Petitioner's first state court petition

2  for collateral review.  The filing of a state petition after the

3  expiration of the statute does not revive or otherwise toll the

4  statute.  See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.),

5  cert. denied, 540 U.S. 924 (2003) ("section 2244(d) does not permit

6  the reinitiation of the limitations period that has ended before the

7  state petition was filed"); Jiminez v. Rice, 276 F.3d 478, 482 (9th

8  Cir. 2001), cert. denied, 538 U.S. 949 (2003) (filing of state habeas

9  petition "well after the AEDPA statute of limitations ended" does not

10  affect the limitations bar); Webster v. Moore, 199 F.3d 1256, 1259

11  (11th Cir.), cert. denied, 531 U.S. 991 (2000) ("[a] state-court

12  petition . . . that is filed following the expiration of the

13  limitations period cannot toll that period because there is no period

14  remaining to be tolled").  Therefore, statutory tolling is

15  unavailable.[2]

16

17      The Ninth Circuit permits equitable tolling of the statute of

18  limitations "if 'extraordinary circumstances beyond a prisoner's

19  control make it impossible to file a petition on time.'"  See Spitsyn

20  v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (citation omitted); see

21  also Lawrence v. Florida, 127 S. Ct. 1079, 1085 (2007) (assuming,

22  _____

23      [2]    Petitioner's filing of a federal habeas petition in
    2005 is also irrelevant to the statute of limitations analysis.
24  See Duncan v. Walker, 533 U.S. 167 (2001) (statute is not tolled
    during pendency of federal habeas proceeding).  The present
25  Petition does not "relate back" to the filing of the 2005 federal
    petition for purposes of the statute of limitations.  See, e.g.,
26  Rasberry, 448 F.3d 1150, 1155 (9th Cir. 2006).  In any event, the
    statute of limitations expired long before the filing of the 2005
27  federal petition.

28

1  without deciding, that equitable tolling could apply to habeas statute

2  of limitations set forth in 28 U.S.C. section 2244(d)); <u>Pace v.</u>

3  <u>DiGuglielmo</u>, 544 U.S. 408, 418 n.8 (2005) (same). "Generally, a

4  litigant seeking equitable tolling bears the burden of establishing

5  two elements: (1) that he has been pursuing his claims diligently, and

6  (2) that some extraordinary circumstance stood in his way." <u>Pace v.</u>

7  <u>DiGuglielmo</u>, 544 U.S. at 418 (citation omitted); <u>see also</u> <u>Lawrence v.</u>

8  <u>Florida</u>, 127 S. Ct. at 1085. Although Petitioner argues a number of

9  alleged bases for equitable tolling, equitable tolling is unavailable.

10

11      Petitioner argues his counsel failed timely to communicate to

12  Petitioner the California Supreme Court's denial of the petition for

13  review. However, in a non-capital case, even ineffectiveness by

14  counsel after affirmance by the California Court of Appeal cannot

15  justify equitable tolling of the AEDPA statute of limitations.[3] <u>See</u>

16  <u>Miranda v. Castro</u>, 292 F.3d 1063, 1068 (9th Cir.), <u>cert. denied</u>, 537

17  U.S. 1003 (2002); <u>Malcom v. Payne</u>, 281 F.3d 951, 962-63 (9th Cir.

18  2002); <u>Frye v. Hickman</u>, 273 F.3d 1144, 1146 (9th Cir. 2001), <u>cert.</u>

19  <u>denied</u>, 535 U.S. 1055 (2002); <u>see also</u> <u>United States ex rel. Modrowski</u>

20  <u>v. Briley</u>, 2001 WL 855426 **2-3 (N.D. Ill. July 24, 2001), <u>aff'd</u>, 322

21  F.3d 965 (7th Cir.), <u>cert. denied</u>, 124 S. Ct. 331 (2003) ("[a]t least

22  in non-capital cases, courts have had no inclination to relax the rule

23  of agency law holding habeas petitioners strictly responsible for

24  their attorneys' mistakes"; "in post-conviction proceedings there is

25  no constitutional right to counsel, so the petitioner, like other

26  _____

27      [3]    Any ineffectiveness occurring prior to the Court of
Appeal's affirmance plainly did not make it "impossible" for
28  Petitioner to file a federal habeas petition subsequently.

litigants, bears the risk that his counsel will bungle"); United States ex rel Moss v. Schomig, 2001 WL 477212 *3 (N.D. Ill. Apr. 4, 2001) (rejecting argument that the statute of limitations should be equitably tolled because counsel negligently failed to advise the prisoner that the prisoner's direct appeal had been denied); Meiggs v. Pinkens, 2000 WL 101245 *4 (N.D. Cal. Jan. 20, 2000) (rejecting argument for equitable tolling where attorney negligently failed to notify prisoner of the California Supreme Court's denial of the prisoner's petition for review); see Lawrence v. Florida, 127 S. Ct. 1079, 1085 (2007) ("Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel [citation]."); compare Spitsyn v. Moore, 345 F.3d 796 (9th Cir. 2003) (equitable tolling justified where retained counsel promised to file a habeas petition on behalf of a prisoner, did nothing, and refused to return the prisoner's files until after the period of limitations had run).

Petitioner's general allegations of lack of legal sophistication and lack of legal assistance also cannot justify equitable tolling. See Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) ("we now join our sister circuits and hold that a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling"); Oetting v. Henry, 2005 WL 1555941 (E.D. Cal. June 24, 2005) ("Neither ignorance of the law nor pro se status are the sort of extraordinary events upon which a finding of equitable tolling may be based. [citations]."), adopted by, 2005 WL 2000977 (E.D. Cal. Aug. 18, 2005); Freeman v. Kearney, 2004 WL 2323711

1  *5 (D. Del. Oct. 12, 2004) ("indigence," "lack of legal knowledge,"

2  and "lack of education" do not constitute extraordinary circumstances

3  warranting equitable tolling); <u>Holloway v. Jones</u>, 2001 WL 1149352 *3

4  (E.D. Mich. Sept. 28, 2001) (indigency resulting in lack of

5  professional legal assistance is not an "extraordinary circumstance");

6  <u>Ekenberg v. Lewis</u>, 1999 WL 13720 *2 (N.D. Cal. Jan. 12, 1999)

7  ("Ignorance of the law and lack of legal assistance do not constitute

8  such extraordinary circumstances"); <u>United States v. Maldanado</u>, 1997

9  WL 360932 *3 (E.D. Pa. June 26, 1997) ("[t]hat the defendant is not

10  knowledgeable in the law is no excuse for failing to abide by the

11  limitation period . . ."); <u>Bolds v. Newland</u>, 1997 WL 732529 *2 (N.D.

12  Cal. Nov. 12, 1997) ("[e]quitable tolling is available only when

13  extraordinary circumstances beyond a prisoner's control make it

14  impossible for him to file a petition on time . . .  Ignorance of the

15  law and lack of legal assistance do not constitute such extraordinary

16  circumstances").

17

18       At one point Petitioner appears to complain that he gave certain

19  materials in his case to a fellow inmate who then went into

20  administrative segregation for an extended period of time.  This

21  complaint fails to demonstrate "extraordinary circumstances" "beyond

22  [Petitioner's] control" making it "impossible to file a petition on

23  time."  In <u>Henderson v. Johnson</u>, 1 F. Supp. 2d 650 (N.D. Tex. 1998)

24  ("<u>Henderson</u>"), the petitioner entrusted his post-conviction remedies

25  to a fellow inmate.  The fellow inmate falsely represented he was an

26  attorney and falsely represented he had filed a timely petition.  <u>Id.</u>

27  at 652, 655.  In denying relief, the <u>Henderson</u> Court stated:

28  ///

1   Henderson was always in charge of his habeas petition.   He

2   chose voluntarily to rely on the assistance of Goodson, a

3   fellow inmate.   The inmate's conduct did not render it

4   impossible for Henderson to file a timely petition because

5   Henderson could have filed the petition himself at any time.

6   . . . Inmates who assist other prisoners with legal matters

7   are not subject to the ethical and fiduciary obligations of

8   lawyers.   If their miscreant, inept or negligent conduct

9   were deemed sufficient of itself to toll the AEDPA

10   limitations period, the time-bar would be rendered virtually

11   meaningless.   Id. at 655.

12

13   See Marsh v. Soares, 223 F.3d 1217, 1220-21 (10th Cir. 2000), cert.

14   denied, 531 U.S. 1194 (2001) (delay by prison inmate law clerk to whom

15   Petitioner entrusted the preparation of his state petition did not

16   warrant equitable tolling); United States v. Cicero, 214 F.3d 199,

17   204-05 (D.C. Cir. 2000) (a petitioner who entrusts a jailhouse lawyer

18   with legal documents does so at the petitioner's peril; equitable

19   tolling not warranted); Paige v. United States, 171 F.3d 559, 561 (8th

20   Cir. 1999) ("when Paige decided to count on someone in another prison

21   to draft his motion and mail it to him through the prison and U.S.

22   mail systems, he voluntarily took the risk of a late delivery"); see

23   also Tacho v. Martinez, 862 F.2d 1376, 1381 (9th Cir. 1988)

24   (prisoner's reliance upon allegedly incompetent jailhouse lawyers does

25   not constitute "cause" for failure to comply with state procedural

26   requirement).

27   ///

28   ///

12

1    Petitioner also has failed to demonstrate that any alleged

2   lockdowns or allegedly limited library access prevented the filing of

3   a timely federal petition.   See Roy v. Lampert, 465 F.3d 964, 969 (9th

4   Cir. 2006), cert. denied, 127 S. Ct. 1880 (2007) (to warrant equitable

5   tolling petitioner must show that alleged "extraordinary

6   circumstances" were the "cause of the untimeliness"); Taylor v. Yates,

7   2007 WL 1125696 *2 (E.D. Cal. Apr. 16, 2007) ("petitioner has not made

8   any attempt to link lockdowns and limited law library hours to his

9   inability timely to file his petition"); Rodriquez v. Evans, 2007 WL

10  951820 *6 (N.D. Cal. Mar. 28, 2007) ("even during lockdown, prisoners

11  are not prohibited from working on legal matters or from keeping any

12  legal materials in their cells.   Emergency library services are

13  provided via paging if a lockdown or other situation curtails inmate

14  movement for more than ten days"); Corrigan v. Barbery, 371 F. Supp.

15  2d 325, 330 (W.D.N.Y. 2005) (lockdowns do not by themselves qualify as

16  extraordinary circumstances warranting equitable tolling).

17

18    Alternatively, the Court observes that, even if tolling somehow

19  applied from the finality of the conviction through the denial of

20  Petitioner's initial state court habeas petition, the statute of

21  limitations nevertheless expired long before the filing of the present

22  Petition.   For example, Petitioner waited more than two years between

23  the denial of his first state court habeas petition and the filing of

24  his second state court habeas petition.   An untimely state habeas

25  petition is not a "properly filed" petition for purposes of statutory

26  tolling under section 2244(d)(2).   Pace v. DiGuglielmo, 544 U.S. 408,

27  412-13 (2005); see also Allen v. Siebert, 128 S. Ct. 2, 4-5 (2007);

28  Carey v. Saffold, 536 U.S. 214, 225 (2002) (California state habeas

13

1    petition filed after unreasonable delay not "pending" for purposes of

2    section 2244(d)(2)).   Where a state court denies a habeas petition

3    without a "clear indication" that the petition was timely or untimely,

4    a federal habeas court "must itself examine the delay in each case and

5    determine what the state courts would have held in respect to

6    timeliness."   Evans v. Chavis, 546 U.S. 189, 198 (2006).[4]   Unjustified

7    delays of far less than two years cause California state court habeas

8    petitions to be "untimely" for purposes of analysis of the federal

9    statute of limitations.   See, e.g., Evans v. Chavis, 546 U.S. 189, 201

10   (2006) (finding "no authority suggesting, . . . [or] any convincing

11   reason to believe, that California would consider an unjustified or

12   unexplained six-month filing delay 'reasonable.'"); Gaston v. Palmer,

13   447 F.3d 1165, 1167 (9th Cir. 2006), cert. denied, 127 S. Ct. 979

14   (2007) (California petitioner not entitled to interval tolling for

15   unexplained delays of 10, 15 and 18 months).[5]

16   _____

17       [4]    Where, as with Petitioner's Supreme Court habeas
petitions, the state court clearly rules that a petition was
18   untimely, that is the "end of the matter" -- the petition was not
"properly filed" and tolling is unavailable.   See Pace v.
19   DiGuglielmo, 544 U.S. 408, 413 (2005).

20       [5]    Moreover, interval tolling is not permitted for gaps
between successive filings of different petitions in the same
21   court.   See Hemmerle v. Schriro, 495 F.3d 1069, 1076 (9th Cir.
2007), pet. for cert. filed (Jan. 15, 2008) (No. 07-9723) (no
22   tolling accorded for interval between the denial of one petition
and the filing of another petition that stated factually distinct
23   claims for the first time); Welch v. Carey, 350 F.3d 1079, 1082-
84 (9th Cir. 2003), cert. denied, 541 U.S. 1078 (2004) (interval
24   tolling denied where the grounds of the second state habeas
petition were different from the grounds of the first state
25   habeas petition); King v. Roe, 340 F.3d 821, 822 (9th Cir. 2003)
(no tolling accorded for interval between the denial of one
26   petition and the filing of a distinct petition); Smith v. Duncan,
297 F.3d 809, 815 (9th Cir. 2001) (no tolling accorded for
27   interval between the denial of a California Supreme Court habeas
28

1     The Ninth Circuit has left open the possibility of an "actual

2  innocence" exception to the statute of limitations for a petitioner

3  who shows that "in light of all the evidence, including evidence not

4  introduced at trial, 'it is more likely than not that no reasonable

5  [trier of fact] would have found petitioner guilty beyond a reasonable

6  doubt.'" Majoy v. Roe, 296 F.3d 770, 776 (9th Cir. 2002) (quoting

7  Schlup v. Delo, 513 U.S. 298, 327 (1995) ("Schlup"). Under the Schlup

8  standard, to show actual innocence sufficient to overcome a procedural

9  default, a petitioner must furnish "'new reliable evidence . . . that

10  was not presented at trial.'" See House v. Bell, 126 S. Ct. 2064,

11  2077-78 (2006) (quoting Schlup, 513 U.S. at 324; ellipses added);

12  Griffin v. Johnson, 350 F.3d 956, 963 (9th Cir. 2003), cert. denied,

13  541 U.S. 998 (2004). The petitioner must "show that, in light of all

14  available evidence, it is more likely than not that no reasonable

15  juror would convict him of the relevant crime." Smith v. Baldwin, 510

16  F.3d 1127, 1140 (9th Cir. 2007) (en banc) (citation and footnote

17  omitted), pet. for cert. filed (Mar. 21, 2008) (No. 07-10081). The

18

---

19  petition and filing of a subsequent habeas petition in the
Superior Court); Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001)

20  (no tolling accorded for interval between successive habeas
petitions filed in the same state court). Here, Petitioner

21  waited six months between the denial of his first habeas corpus

22  petition in the California Supreme Court and the filing of the
second habeas corpus petition in the same court (which that Court

23  denied as untimely) (Lodged Documents 15, 20). After the denial
of his second California Supreme Court habeas petition,

24  Petitioner waited over 11 months before filing another state

25  court habeas petition, this one in the Superior Court (Lodged
Documents 16, 22). Tolling is unavailable for any of these

26  delays, which themselves would have exhausted the statute of
limitations. The Court further observes that Petitioner's

27  demonstrated ability to file multiple habeas petitions in state
and federal court 2001 through 2006 belies Petitioner's claimed

28  inability to file the present federal Petition sooner.

1   actual innocence exception "should 'remain rare' and 'only be applied

2   in the extraordinary case.'"   Cooper v. Brown, 510 F.3d 870, 923 (9th

3   Cir. 2007) (quoting Schlup, 513 U.S. at 321).   The Schlup standard

4   "contemplates a greater showing than insufficiency to convict or doubt

5   about [the petitioner's] guilt."   Id. (citation and internal

6   quotations omitted).   "Under these standards, a petitioner must

7   affirmatively prove that he is probably innocent."   Id. (citation

8   omitted).   Petitioner's attempted showing of actual innocence falls

9   far short of these exacting standards.

10

11       Petitioner also appears to suggest that the application of the

12   statute of limitations in this case would be unjust.   The United

13   States Supreme Court, while equating statutes of limitations with

14   other filing deadlines, has stated:

15

16       Filing deadlines, like statute of limitations, necessarily

17       operate harshly and arbitrarily with respect to individuals

18       who fall just on the other side of them, but if the concept

19       of a filing deadline is to have any content, the deadline

20       must be enforced.

21

22   United States v. Locke, 471 U.S. 84, 101 (1985).

23

24       As the Fourth Circuit stated while enforcing the AEDPA statute of

25   limitations:

26

27       [A]ny invocation of equity to relieve the strict application

28       of a statute of limitations must be guarded and infrequent,

16

1     lest circumstances of individualized hardship supplant the

2     rules of clearly drafted statutes.  To apply equity

3     generously would loose the rule of law to whims about the

4     adequacy of excuses, divergent responses to claims of

5     hardship, and subjective notions of fair accommodation.  We

6     believe, therefore, that any resort to equity must be

7     reserved for those rare instances where – due to

8     circumstances external to the party's own conduct – it would

9     be unconscionable to enforce the limitation period against a

10    party and gross injustice would result.

11

12   Harrison v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000) (cited by

13   the Ninth Circuit with approval in Frye v. Hickman, 273 F.3d 1144 (9th

14   Cir. 2001), cert. denied, 535 U.S. 1055 (2002)).

15

16        No extraordinary circumstance caused Petitioner to wait more than

17   two years between the denial of his first state court habeas petition

18   and the filing of his second state court habeas petition, or to wait

19   more than six months between the denial of his first California

20   Supreme Court petition and the filing of his second California Supreme

21   Court petition, or to wait more than 11 months after the denial of his

22   second California Supreme Court habeas petition before the filing of

23   his next state court habeas petition.[6]  Accordingly, equitable relief

24   is unavailable; the statute of limitations bars the present Petition.

25   ///

26   _____

27        [6]    Because of the magnitude of Petitioner's delays,
     application of the "mailbox rule" to any or all of Petitioner's
28   filings would not alter the result herein.

**RECOMMENDATION**

For all of the foregoing reasons,[7] IT IS RECOMMENDED that the Court issue an Order: (1) approving and adopting this Report and Recommendation; and (2) directing that Judgment be entered denying and dismissing the Petition with prejudice.

DATED:  April 14, 2008.

_____/S/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[7]    The Court assumes, _arguendo_, Petitioner has not procedurally defaulted any of his claims.  See _Lambrix v. Singletary_, 520 U.S. 518, 523-25 (1997); _Franklin v. Johnson_, 290 F.3d 1223, 1229, 1232-33 (9th Cir. 2002).

**NOTICE**

Reports and Recommendations are not appealable to the Court of Appeals, but may be subject to the right of any party to file objections as provided in the Local Rules Governing the Duties of Magistrate Judges and review by the District Judge whose initials appear in the docket number.  No notice of appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the judgment of the District Court.